UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02899-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Andrey Bernik v. Kristi Noem et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER [2] AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS [1] AS MOOT.

## I.    Introduction

Before the Court is a petition for a writ of habeas corpus and a motion for a temporary restraining order ("TRO"), both filed by Petitioner Andrey Bernik ("Bernik"). For the following reasons, the TRO is DENIED, and the Petition is DISMISSED AS MOOT.

## II.    Background

Bernik is an immigrant, who entered the United States as the child of a refugee in 1990 and was admitted as a lawful permanent resident. Petition ("Pet."), ECF No. 1 at 1; *Bernik v. Bondi*, 2025 WL 2638625 (W.D. Wash.) at *1. In November 2011, Bernik was convicted of second-degree murder and sentenced to a term of imprisonment of 45 years to life with the possibility of parole. *Id.* On July 2022, Bernik's sentence was commuted, and on June 6, 2024, Petitioner was found eligible for parole. *Id.* On or about November 7, 2024, Bernik appeared before an Immigration Judge, who ordered Bernik be removed to Ukraine. Declaration of Jorge Suarez. ("Suarez Decl."), ECF No. 9-1 ¶ 5. Bernik did not appeal that

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02899-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|

| Title | *Andrey Bernik v. Kristi Noem et al* |
|---|---|

removal order. Id. at ¶ 6. However, the government was unable to effectuate timely removal. *Bernik*, 2025 WL 2638625 at *3. Accordingly, a federal court granted a habeas petition, ordering Bernik's release from detention on August 15, 2025. *Id.*

On October 21, 2025, Bernik was allegedly rearrested and detained by immigration authorities. Pet. at 2. On October 30, 2025, Bernik filed the instant Petition for Writ of Habeas Corpus, arguing that there was no reason to believe removal to Ukraine could be effectuated in the foreseeable future, and Bernik would therefore be subjected in indefinite detention in violation of the Constitution. Id. at 4-7. The Petition also alleged that Bernik was deprived of procedural due process rights when he was re-detained. Id. at 7-8. Finally, the Petition alleged that removal to any country other than Ukraine would be a further due process violation or violate a Constitutional prohibition of "punitive" removal practices. Id. at 9.

Along with the Petition, Bernik filed a motion for a TRO, requesting release from custody during the pendency of the case. ECF No. 2. On November 17, 2025, Bernik was removed to Ukraine. ECF No. 9 at 2; Suarez Decl. ¶ 7.

**III.    Discussion**

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.' At any stage of the proceeding a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (citations omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation… there must be some remaining "collateral consequence" that may be redressed by success on the petition. *Id.* at 1064.

In *Abdala*, a formerly convicted and incarcerated immigrant, whose removal had been ordered by an immigration judge, brought a federal habeas petition challenging the length of his detention. *Id.* at 1063. The Ninth Circuit in *Abdala* found that the petition must be dismissed as moot because after removal, successful resolution of the pending claims could no longer provide the requested relief, and the

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02899-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Andrey Bernik v. Kristi Noem et al* | | |

petitioner did not assert any additional "collateral consequences" of removal that the petition could have redressed. *Id.* at 1065.

Here, as in *Abdala,* Bernik's Petition challenged only the potentially indefinite length of his pre-removal detention and the process of his re-detention, not the lawfulness of the underlying deportation order. Pet. Moreover, the relief sought both by the Petition and the request for a TRO was apparently release from custody or protection from removal to a country other than Ukraine. *See* Pet; ECF No. 2. Now that Bernik has been removed to Ukraine, successful resolution of the pending claims could not offer Bernik the requested relief. Moreover, Petitioner does not assert that there are 'collateral consequences' present that would distinguish these facts from those present in *Abdala*. *See* Petitioner's Response to Notice of Removal, ECF No. 10 ("Petitioner is not presently aware of any such collateral consequences of his removal in his case"). Therefore, there is no information before the Court to indicate that the instant Petition currently presents a live case or controversy.

**IV.    Conclusion**

For the foregoing reasons, both the Petition for Writ of Habeas Corpus and the Motion for Temporary Restraining Order are DISMISSED AS MOOT.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |